## ELTON *against* JOHNSON.

*A guarantied the payment of an over-due promissory note, given by B to C, by an indorsement thereon in these words: "I guaranty the payment of this note twelve months from this time." C brought an action on this guaranty against A, alleging the consideration to be a promise of forbearance, by C to B, as stated in one count, for twelve months, and in another count, for a reasonable time, thereafter; and offered, in connexion with the note and guaranty, testimony to prove, that C agreed to forbear for some time, and that such forbearance was the consideration of A's guaranty, but that there was no agreement to wait any specified time. Held, that the legal construction of such agreement was, that the forbearance should be for a reasonable time, and that the latter count was, therefore, supported by the evidence.*

THIS was an action of *assumpsit.* The declaration contained five counts. The three first of these were demurred

*Litchfield,*
June, 1844.

Elton
*v.*
Johnson.

to, and were reserved, by the court, for a separate considera-tion.

The fourth count stated, That on the 27th of *January,* 1840, *William H. Jones* and *Joseph Tomlinson,* composing the firm of *Jones & Tomlinson,* were indebted to the plaintiff, by a certain promissory note, dated the 27th of *April,* 1839, for the sum of 500 dollars, payable to the plaintiff, on demand, with annual interest, and expressed to be for value received; that on said 27th of *January,* in consideration of the premises, and that the plaintiff, at the special instance and request of the defendant, would forbear and give time to the makers of said note for the payment thereof, twelve months from said 27th day of *January,* and of the plaintiff's promise of for-bearance to collect the same for that time, the defendant guarantied the payment of said note, twelve months from said 27th of *January,* in and by a certain writing or indorse-ment on the back of said note, in the words and figures fol-lowing, *viz.* "I guaranty the payment of this note twelve months from this time. *January* 27th, 1840. *John D. John-son;*" that the plaintiff, confiding in the said promise and un-dertaking so made, did forbear and give time to the makers of said note for the payment thereof, twelve months from said 27th of *January;* but that the makers of said note, although they were afterwards, *viz.* on the 27th of *January,* 1841, re-quested, by the plaintiff, so to do, have not as yet paid said sum of money specified in said note, with interest, nor any part thereof, to the plaintiff; but have hitherto wholly neg-lected and refused so to do; of all which the defendant, afterwards, *viz.* on the 17th of *September,* 1842, had notice; and that thereby the defendant, according to the tenor and effect of his said promise and undertaking, became liable to pay the plaintiff said sum of money due on said note, together with the costs incurred by the plaintiff in prosecuting his suit against said *Jones & Tomlinson,* to enforce the payment of said note, amounting to 30 dollars; and being so liable, &c.

The fifth count, after stating the indebtedness of *Jones & Tomlinson* by note, and describing the note, alleged, that in consideration of the premises, and that the plaintiff, at the special instance and request of the defendant, would forbear and give time to the makers of said note for the payment thereof, for a reasonable time thereafter, and of the plaintiff's

promise of forbearance to collect the same, for a reasonable time thereafter, the defendant guarantied the payment of said note twelve months from said 27th of *January*, in and by a certain writing or indorsement on the back of said note, in the words and figures following, *viz.* " I guaranty the payment of this note twelve months from this time. *January* 27th, 1840. *John D. Johnson ;*" that the plaintiff, confiding in said promise and undertaking of the defendant so made, did forbear and give time to the makers of said note for the payment thereof, for a reasonable time thereafter, *viz.* until the 27th of *January*, 1841 ; but that the makers of said note, although they were afterwards, *viz.* on the 27th of *January*, 1841, requested by the plaintiff so to do, have not as yet paid the sum of money specified in said note, with interest, or any part thereof, to the plaintiff, but have hitherto wholly neglected and refused so to do ; of all which the defendant afterwards, *viz.* on the 27th of *January*, 1841, had notice.

To these counts the defendant pleaded the general issue, which was closed to the court ; and thereupon the cause was tried, at *Litchfield, February* term, 1844, before *Waite*, J.

On the trial, the plaintiff read in evidence the note and guaranty described in the declaration, with due proof of their genuineness. He then introduced, as a witness, *William H. Jones*, one of the makers of the note, who testified, that on the day when the guaranty was given, the plaintiff came with the note to the factory of the makers, and demanded of them payment or security ; that they being then unable to make payment, offered to give the defendant's security, which the plaintiff consented to accept ; that the witness then sent for the defendant, who came to the factory, and some conversation was had, between the plaintiff and defendant, as to the final payment of the note ; that the plaintiff requested, that it might be paid in three months, or on the 1st of *April* following ; that the defendant wished a longer time ; that some further conversation ensued, which the witness could not recollect ; that the witness had no recollection of any agreement to wait any specific time, but from the circumstance that the guaranty was to continue a year, he inferred, that the makers were relieved for that time, but he could not testify to any agreement to that effect ; that finally the guar-

*Litchfield,*
June, 1844.
—————
Elton
*v.*
Johnson.

anty was given by the defendant, and the plaintiff took the note and guaranty, and went home.

The plaintiff then gave in evidence the record of a judgment in a suit in his favour upon said note, against the makers; from which it appeared, that the writ in that suit was dated and served on the 27th of *January*, 1841.

The defendant offered no evidence ; and there was no further testimony touching the consideration for the defendant's undertaking.

To prove that notice had been given to the defendant of the non-payment of the note by the makers, the plaintiff called a witness, who testified, that on the 26th of *September*, 1842, by direction of the plaintiff, he made demand of the defendant for a certain note due the plaintiff from *Jones & Tomlinson*, for 500 dollars, with interest and costs of suit, amounting to 595 dollars, 35 cents.    To the admission of this evidence the defendant objected, as not tending to prove such notice, and because the payment of the costs in the suit against the makers, had been demanded.    But the court over-ruled the objection, and admitted the evidence.

The defendant thereupon claimed, that the plaintiff could not recover on either count ; not upon the fourth, because it appeared, that the suit against the makers was instituted before the expiration of the year ; nor on the fifth, because the evidence showed a consideration for the guaranty entirely different from the one set up in that count ; or if it did not, then, there being no sufficient proof that the defendant ever had notice of the non-payment of the note by the makers, before the institution of this suit, the plaintiff could not, for this reason, recover.

With respect to this last point, the plaintiff claimed, that no notice was necessary ; and that if necessary, the notice proved was sufficient.

The court being of opinion that the evidence proved a consideration as stated in the fifth count, and that sufficient notice had been given, found the issue upon that count in favour of the plaintiff, and the other issue for the defendant ; and found for the plaintiff to recover, as damages, the principal and interest only of the note.    The defendant thereupon moved for a new trial.

*Church*, (with whom was *Blackman*,) in support of the motion, contended, 1. That the proof in support of the consideration of the defendant's promise, alleged in the fifth count, on which the plaintiff recovered, did not show any such consideration, and was therefore inadmissible. The proof is, that the plaintiff and makers went to the defendant, with an over-due note ; that the plaintiff proposed forbearance, for three months, or until the 1st of *April* then next ; that the defendant wished for a longer time ; that ultimately, the guaranty was given, for one year ; that the witness inferred from this fact, that the makers were to be relieved for that time ; but he could not testify to any agreement to wait for any specific time. Now, in the first place, the fact that, after this conversation was had, and this impression was made on the mind of the witness, the plaintiff did delay until the last day of the year, and the fact that the guaranty was accepted for a year, are proof from which the court ought to have found the consideration to have been an agreement to forbear one year. Secondly, as the witness could not swear, that the plaintiff agreed to forbear the makers any specific time, the case stands on no better ground than if he had agreed to forbear *generally,* thus leaving him at liberty to sue the makers *immediately.* This was no consideration at all. 1 *Pow. Cont.* 353. *Lutwich* v. *Hussey, Cro. Eliz.* 19. *Philips* v. *Sackford, Id.* 455. *Tolhurst* v. *Brickinden, Cro. Jac.* 250. 1 *Selw. N. P.* 57. Thirdly, if these facts amount to a promise to give forbearance until a demand on the makers for payment, then, as the plaintiff might demand immediately, his promise constituted no consideration for the defendant's promise. But if otherwise, then it is a consideration entirely *different* from the one set up.

2. That due notice of non-payment was not given to the defendant. In the first place, notice of non-payment by the makers, was a fact resting more especially in the knowledge of the plaintiff; and therefore, he should have given the defendant notice of it. Secondly, a demand on the defendant for a certain note due the plaintiff from *Jones & Tomlinson,* for 500 dollars, and interest and costs of suit, amounting to 595 dollars, 95 cents, was no notice that they had not paid the note guarantied by the defendant, [This point was abandoned, before the case was submitted.]

*Litchfield,*
June, 1844.

Elton
*v.*
Johnson.

*Curtiss* and *Seymour,* contra, contended, 1. That the evidence proved the consideration of the guaranty, as stated in the fifth count.   The defendant did not deny that *a* consideration was proved, by the evidence; nor did he deny that the evidence proved that consideration to be *forbearance.* The only dispute related to the duration of the forbearance. The fifth count states a promise by the plaintiff of forbearance *for a reasonable time.*   The defendant claims, that the promise of forbearance proved, was *for a year;* and this he endeavours to make out, by inference.   The plaintiff admits, that he must wait a year, before he can sue the *defendant,* upon his guaranty.   But does it follow from this, that the same indulgence was promised to the makers?   It might be for the interest of the guarantor, that the maker should have *a reasonable delay;* and he might have good reasons for stipulating for such a delay; but a delay for a year, might be very much against the interest of both parties; and therefore, in the absence of positive proof, a stipulation for such delay is not to be presumed.   The only witness to the agreement could not recollect any agreement of forbearance towards the makers for any specific time.

2. That the evidence being proper and relevant, and not objected to, the conclusions to be drawn from it are mere matters of *fact,* within the exclusive province of the jury.   In this case, the issue being closed to the court, and the trial by the court exercising the functions of the jury, its decision cannot be reviewed *in this way.*   This is not an application for a new trial for a verdict *against evidence.*

3. That if the evidence proved a consideration such as the defendant claims, the only consequence is, that judgment was entered for the plaintiff *on the wrong count.*   The consideration stated in the fourth count, is a promise of forbearance for twelve months.   A mistake of this sort may be corrected, while the suit is pending, without a new trial on the merits.

STORRS, J.   The question in this case, is, whether the evidence of *Jones,* in connexion with the note and guaranty produced on the trial, conduced to prove the defendant's agreement, as stated in either of the two last counts of the declaration.   The consideration, as stated in the fourth count, is

the plaintiff's promise of forbearance to collect said note of the makers, for twelve months from the date of said guaranty; and that stated in the fifth count, is the plaintiff's promise of forbearance for a reasonable time from the date of said guaranty. That forbearance for some time, was the consideration of the defendant's promise, admits of no doubt, from the testimony of *Jones.* That testimony certainly does not tend to show, that entire forbearance, which would amount to a relinquishment or discharge of the liability of the makers, was contemplated by the parties: it is obvious, that security only was sought on the one part, and forbearance only on the other. Nor does it furnish a fair inference, that the forbearance was to be merely at the option or pleasure of the plaintiff. Nothing of this kind was mentioned, or alluded to, in the conversation to which the witness testifies; and it would be opposed to the whole drift of the negotiation between the parties and the object they had in view. The agreement, therefore, must have been for forbearance, either for some fixed and definite time, or for what should be a reasonable time. Which of these was the case, the witness does not undertake or profess to be able explicitly to state. The import of his testimony is, that in the interview at which he was present between the plaintiff, the defendant, and the makers of the note, after the makers had offered, and the plaintiff had consented to accept, the defendant as security for the note, a negotiation commenced between the plaintiff and defendant, on the subject of the time during which the collection of it from the makers should be postponed;—that the plaintiff proposed a shorter time than the defendant acceded to;—that there was further conversation on the subject, not recollected by the witness; and that it resulted in the guaranty being given by the defendant, and accepted by the plaintiff. The witness further stated, that he had no recollection of any agreement to wait any specific time, but inferred from the circumstance that the guaranty was to continue a year, that the makers of the note were to be relieved for that time, although he could not testify to any such agreement. Disregarding his inference as being merely his opinion and reasoning on the subject, this testimony clearly conduces to prove, that the plaintiff agreed to forbear for some time; and that such forbearance was the consideration of the defend-

ant's guaranty; but that there was no agreement to wait any specified time. The legal construction of such an agreement would be, that the forbearance should be for a reasonable time; and we think, that the most rational inference from the testimony in question, is the one which appears to have been drawn by the judge below, that no fixed time was ultimately agreed on, during which the plaintiff should indulge the makers of the note; but that the understanding was, that it should be such as would be reasonable, under all the circumstances of the case. The last count, therefore, was supported by the evidence.

The objection to the evidence offered by the plaintiff for the purpose of proving notice to the defendant of the non-payment of the note, is withdrawn, and need not therefore be considered.

A new trial ought not to be granted.

In this opinion the other Judges concurred, except HINMAN, J., who gave no opinion.

New trial not to be granted.