[Department Two.— October 24, 1883.]

## WILLIAM C. McAFEE ET AL., RESPONDENTS, v. MORTON C. FISHER, APPELLANT.

CONTRACT — MATURITY.— An instrument in these words: "Due Mr. Maurice Dore the sum of five thousand five hundred and ninety-one dollars, in settlement of land purchase in Sutter County, the payment of which is to be mutually arranged," does not mature until the payment has been arranged as mentioned in the instrument.

ID.— ESTOPPEL — ADMISSIONS.— A declaration by the maker of the instrument that the same is valid and binding, and was executed and delivered in the ordinary course of business, and for a full and valuable consideration, and that it would be paid, does not estop him from denying that the time for payment has arrived.

APPEAL from a judgment of the late District Court of the Twelfth Judicial District, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Vincent Neale,* for Appellant.

*Greathouse & Blanding,* for Respondents.

THORNTON, J.—This is an action brought by the assignees of the payee Dore, hereinafter named, to recover upon the following instrument in writing:—

"$5,591.                    SAN FRANCISCO, Nov. 3rd, 1877.

"Due Mr. Maurice Dore the sum of five thousand five hundred and ninety-one dollars, in settlement of land purchase in Sutter County, the payment of which to be mutually arranged.

"MORTON C. FISHER."

It is evident that the time of payment of this money was to be arranged between the maker and payee. If the words "the payment of which to be mutually arranged" in the foregoing instrument mean anything whatever, it is that the time of payment was to be thereafter fixed and agreed on by the parties, Dore and Fisher. We perceive nothing else open to be "mutually arranged." The amount in money was fixed and the consideration agreed on and mentioned in the paper, viz., "in settlement of land purchase in Sutter County." It nowhere appears, either in the evidence or the finding, that the time of the payment has ever been arranged between the parties referred to. The action then is prematurely brought unless it appears that the defendant is estopped to aver that the same was not due when this action was brought.

It is found upon this point as follows: "That prior to the 17th day of November, 1877, and before accepting said due bill or obligation, plaintiffs went to said defendant Fisher and told him that they contemplated purchasing the same, and asked him if the same was a valid instrument given and delivered for a *bona fide* indebtedness, and would be paid upon demand; and that said Fisher expressly represented to plaintiffs that said instrument was valid and binding, and had been executed and delivered by him to said Dore in the ordinary course of business, and for a full and valuable consideration; and told said plaintiffs that it was all right, and would be paid; and that said plaintiffs thereupon executed and delivered to said Dore a full and complete release and discharge of said Dore of and from all

claims and indebtedness due said plaintiffs from him, said Dore, and particularly of and from the indebtedness from said Dore to plaintiffs, in payment of which said due bill or obligation was proposed to be and was thereafter indorsed and transferred to them by said Dore, and took and accepted said Fisher as their debtor, in place and instead of said Dore, whom they then and there released as aforesaid."

The facts contained in this finding, while estopping defendant from denying the validity of the instrument, do not estop him from denying that the time of payment had arrived. It is not found that defendant ever told the plaintiffs that the money mentioned in this action was due and payable before action brought. The finding is that "said Fisher expressly represented to plaintiffs that said instrument was valid and binding, and had been executed and delivered to him · by Dore in the ordinary course of business and for a full and valuable consideration, and told said plaintiffs that it was all right and would be paid."

There is no finding here that the instrument would be paid on demand.

According to the finding Fisher only said "that it was all right and would be paid." He did not say when it would be paid. What he said was perfectly consistent with the purport of the paper, that it would be paid when the time of payment had been mutually arranged, that is, agreed upon by Dore and the defendant. The meaning of the language of the paper is a question of law, and its meaning was, in contemplation of law, as well known to the plaintiffs as defendant. We cannot see under the facts found that there was any estoppel by the acts of words of Fisher, by which he was estopped from averring and proving herein that the instrument had not matured for payment when this action was begun.

It follows from the foregoing that the judgment and order must be reversed and cause remanded, and it is so ordered.

Myrick, J., and Sharpstein, J., concurred.

Hearing in Bank denied.