## HAMILL v. GERMAN NAT. BANK.

PAYMENT — DISMISSAL OF ACTION.— Suit having been instituted upon
a promissory note against a defendant as assignor, he transmitted
to the plaintiff by mail a draft in part payment upon said note,
accompanying the same with a written request to dismiss such
suit. *Held,* that the acceptance of the draft by plaintiff under the
circumstances did not entitle the defendant to a dismissal of the
suit as a matter of right, but·that the plaintiff might prosecute
the suit to judgment, notwithstanding such request.

*Appeal from District Court of Arapahoe County.*

APPELLEE, as plaintiff, filed his complaint in the court
below in substance alleging:   (1) The corporate capacity
of the plaintiff.   (2) That on September 20, 1880, one
W. Willet Rose made and executed the following note:
"$1,000.   GEORGETOWN, COLO., 20th Sept., 1880.   Four
years after date I promise to pay to W. A. Hamill, or
order, the sum of $1,000, for value received, negotiable
and payable, without defalcation or discount, at the office
of W. A. Hamill, Georgetown, Colo., with interest at the
rate of ten per cent. per annum from date until paid.
Due Sept. 23, 1884.   W. WILLET ROSE," — said note
bearing indorsements in the following order, to wit:
"W. A. HAMILL, O. H. ROTHACKER, G. G. SYMES."
(3) That before maturity, the defendant, for value re-
ceived, indorsed it to O. H. Rothacker, and Rothacker to
plaintiff.   (4) That the maker, Rose, has been at all times

insolvent. (5) That on October 29, 1884, plaintiff brought suit in the district court of Arapahoe county, and on December 12, 1884, obtained judgment against Rose, and immediately issued execution, which was returned, after diligent search, *nulla bona.* (6) That no payments had been made on the note.

By the original and supplemental answers, when taken together, the defendant, after taking issue upon all the material allegations of the complaint, alleged that, with the exercise of proper diligence, "the note or the money thereon could have been made out of the property and estate of the said W. Willet Rose;" and for a further defense it was alleged: (1) "That on, to wit, the 30th day of March, 1886, the defendant mailed to the plaintiff from the city of London, in England, a bankable draft for the sum of $1,000, accompanied by a letter by which the said draft was offered in payment on account of the plaintiff's demand in the above-entitled case, then in controversy between them; said sum to be accepted and received by the plaintiff upon condition that the said suit should be dismissed, and time extended to the defendant to settle and arrange and pay off the balance of the amount in controversy." (2) "That said draft came accompanied by said letter by due course of mail, and was received and accepted by the plaintiff on, to wit, the 14th day of April, A. D. 1886, upon and under the conditions of the letter accompanying the same, and thereupon the plaintiff agreed to accept said sum, and did accept said sum, as part payment as aforesaid, and agreed to cause said suit to be dismissed." (3) "That the plaintiff thereafter, upon demand made, refused either to dismiss the said suit or to return the draft aforesaid."

The plaintiff having filed its replication denying all the new matter set up in the answer, a trial was thereafter had, which resulted in a verdict and judgment for the plaintiff for the sum of $576.87 and costs of suit. To review this judgment the case is brought here by appeal.

Mr. R. S. MORRISON, for appellant.

Mr. JAMES H. BROWN, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

At the trial all the allegations of the complaint were either directly conceded to be true by the defendant or proved by the uncontroverted evidence offered on the part of the plaintiff; the defendant relying for a defense to the present action upon the alleged agreement of plaintiff to dismiss the suit. The only evidence offered in support of such an agreement is contained in the following letter, introduced by appellant, and acknowledged by the parties to be the letter which accompanied the $1,000 payment: "London, England, March 30, '86. J. A. Cooper, Esq., Cashier German National Bank, Denver, Colorado. Dear Sir: On the eve of leaving for Europe last October I spoke to you about a certain P. N. made by one W. Willet Rose, payable to my order, for one thousand dollars, which, through O. H. Rothacker, fell into the hands of Judge Symes, and was discounted for him by your bank. You, I presume, are quite aware that I loaned Rose the money the face of the note calls for. I never received one cent for it, either from Rothacker or Judge Symes. It is somewhat 'tough' that one loans money and has to pay the same over again. There was, as I believe, some understanding between Rothacker and Symes that services rendered by the former would have some consideration with the latter, and with this idea in my mind I had hoped that Judge Symes would bear part of the loss. Mr. Morrison, my attorney, has promised your attorneys that I would settle the claim. With this end in view I now inclose you draft on the Colorado Mortgage and Investment Company, Limited, payable to your order. Kindly instruct your attorneys to dismiss the suit now pending. I expect to be in Colorado within the next sixty days, when I will call on you and pay the balance. Yours truly, W. A. HAMILL."

Appellee indorsed the money as payment *pro tanto* upon the note, refused to dismiss the suit, but prosecuted the same to judgment. "Appellant appeals on the ground that the payment was conditional, and having accepted the same appellee was bound to the condition." Thus it will be seen that the sole question presented for our consideration may be stated as follows: Did the acceptance of the $1,000, under the circumstances, entitle appellant to a dismissal of the suit? In support of the affirmative of this proposition appellant relies upon the following cases: *Berdell v. Bissell*, 6 Colo. 162; *McDaniels v. Bank*, 29 Vt. 230; *Preston v. Grant*, 34 Vt. 201; *Bull v. Bull*, 43 Conn. 455; *Potter v. Douglass*, 44 Conn. 541; *Elton v. Johnson*, 16 Conn. 253; *Lyman v. Rasmussen*, 7 N. W. Rep. 687; *Railroad Co. v. Smith*, 50 Mich. 112; *McAfee v. Fisher*, 64 Cal. 246; *Libby v. Hopkins*, 104 U. S. 303.

The first five of these cases are cited upon the law of accord and satisfaction, and have no application to the facts presented in this case, as the letter from Hamill, containing, as it does, an express promise to pay the balance, shows that the payment of the $1,000 by draft was not to be in complete satisfaction of his liability upon the note. There was no dispute at the time, nor is there now, as to the amount of the liability; nor is this case like *Elton v. Johnson, supra*, in which the guarantor sought to escape liability upon the plea that there was no consideration for his guaranty; nor is there any question here of the misapplication of money, as in *Railroad Co. v. Smith* and *Libby v. Hopkins;* nor is there any question in reference to the time of maturity of the instrument, as in *McAfee v. Fisher*. And the case is also unlike the case of *Lyman v. Rasmussen*, in which it was decided that " a valid agreement to extend the time of payment of a debt is a defense to an action on the debt during the time of the extension." The letter of Hamill, transmitting the draft, shows that the amount was to be

credited upon the note, and contains a distinct promise to pay the balance. Although the letter contains a request upon the cashier to have the suit dismissed, there is nothing in the letter indicating that the payment was to be made upon this or any other condition. The letter will not admit of any construction other than that the payment was made unconditionally, while the request upon Mr. Cooper to dismiss the suit was one which the appellee might grant or refuse at its pleasure. Certainly the acceptance of the money under these circumstances did not entitle appellant to a dismissal of the suit as a matter of right. Appellee having elected to prosecute the suit to judgment, as it had a perfect right to do, we see no reason why the judgment should be disturbed, and it is accordingly affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial below, did not sit upon this appeal.