KING vs. UPTON.

If one promise to pay the debt of another, in consideration that the creditor will "forbear and give further time for the payment" of the debt ; this is a sufficient consideration, though no particular time of forbearance be stipulated ; the creditor averring that he did thereupon forbear, from such a day till such a day.

The consideration of a collateral undertaking to pay the debt of another, need not be expressed in writing.

If, at the taking of a deposition out of court, the adverse party interrogates the witness touching his interest in the suit, and he testifies that he has none; this is an election of the mode of proof, and the party will not be permitted to shew such interest *aliunde* at the trial.

ASSUMPSIT, against the defendant as guarantor of the payment of a promissory note; dated *March* 8, 1820, made by one *Jeduthun Upton*, and payable to the plaintiff on demand. The undertaking of the defendant was contained in the following memorandum written on the back of the note:—"*Boston, Dec* 2,1820. I hereby guarantee the payment of the within note, *John Upton*." The declaration stated, as a consideration for this undertaking, a promise on the part of the plaintiff " to forbear and give further time for the payment of said note ;" and the plaintiff averred that he accordingly did forbear and give further time for the payment of the note, from *Dec.* 2, 1820, till *Feb.* 15. 1822.

At the trial before the Chief Justice, at the last *June* term, the plaintiff offered the deposition of *Joseph King* ; to the admission of which the defendant objected, on the ground that the deponent was interested in the event of the suit ; and was about to prove this interest by other witnesses. But on inspection of the deposition, it appeared that the defendant had interrogated the deponent himself as to this point, and that the latter had denied that he was interested in the event of the suit. The Chief Justice thereupon overruled the objection, and admitted the deposition. The defendant also objected to the admission of parol proof to shew on what consideration the undertaking was founded. But this objection also was overruled ; and a verdict was taken for the plaintiff, subject to the opinion of the court upon these two points.

The defendant also moved in arrest of judgment ;—because the only consideration alleged for his engagement, was a promise by the plaintiff that a longer time of payment of the note should be given, without saying what time.

*Mc Gaw*, for the defendant, as to the admissibility of direct proof of the interest of the deponent, cited 14 *Mass.* 206. 15 *Mass.* 378. 1 *Phil. Ev.* 96, 290. To support the position that parol evidence of the consideration of the promise to pay the debt of another was not admissible, and that the consideration should be expressed in the writing itself, he relied on *Wain v. Warlters* 5 *East* 49.—And upon the motion in arrest of judgment, he contended that the consideration alleged was altogether void for uncertainty.

*Deane*, for the plaintiff, relied on the standing rule of practice, to allow the party but one of the modes of shewing the interest of a witness, at his election. As to the objection that the consideration should have been expressed in writing, however the rule in England might be, he considered it settled here against the defendant, in *Packard v. Richardson* 17 *Mass.* 122. To the motion in arrest, he cited 1 *Com. on Contr.* 420. 3 *Burr.* 1886. 10 *Mass.* 316.

MELLEN C. J. delivered the opinion of the court.

This case presents one question arising on a motion in arrest of judgment; and two arising on a motion for a new trial, founded on the report of the judge.

In support of the first motion, it is contended that the declaration does not disclose a sufficient consideration for the defendant's promise ; the alleged consideration being only that the plaintiff would " forbear and give further time" to *Jeduthun Upton*, the maker of the note, " for the payment of said note"—without naming any particular time for the continuance of such forbearance. The declaration contains an averment that the plaintiff did " forbear and give further time for the payment of said note from the 2d day of *December*, 1820," (being the day on which the de-

fendant's promise was made) "to the 15th day of *February*, 1822 ;" a few months before the commencement of this action. The authorities on this point have been examined, and they seem not to sustain the motion. In 1 *Roll. Abr.* 27, *pl.* 45, the law is laid down in these words. "So if A. be indebted to B. in 100 pounds, and B. is about to commence a suit for the recovery thereof ; but C. a stranger, comes to him and says, that if he will forbear him, he himself will pay it, this is a good consideration for the promise ; B, averring that he had abstained and forebore to sue A. *et adhunc*, did abstain and forbear ; though no certain time was appointed for the forbearance ; for it seems a perpetual forbearance is intended, the which he hath performed. So if he will forbear *paululum temporis*, this is good ; plaintiff averring a certain time of forbearance." See also 1 *Com. on Cont.* 420. The principle as last laid down is perfectly applicable to the case before us ; and appears to be a decisive authority. The motion in arrest of judgment is therefore overruled.

As to the motion for a new trial, on the ground that the presiding judge excluded direct testimony, which was offered to prove the interest of *Joseph King*, we are well satisfied it must fail. He had been interrogated on oath by the defendant, and had expressly denied all interest in the event of the suit ; and as the defendant had elected to prove the alleged interest of the witness in that manner, by appealing to his knowledge and conscience, though he failed so to prove the interest; he, by making this election, precluded himself from proving it by evidence *aliunde*. This rule has long been established, and invariably adhered to in case of *viva voce* testimony ; and there seems to be no sound reason why the same rule should not govern in case of a witness deposing before a magistrate.

As to the objection to the admission of parol proof to shew on what consideration the promise or guaranty of the defendant was founded, we consider the case of *Packard v. Richardson* 17 *Mass.* 122, as furnishing a most satisfactory answer. We have often and carefully examined that case, and the able argument of the chief justice, and concur in the principles on which the decision reposes. It is needless for us to go into an argument on the

question.    We at once refer to it as an authority entitled to high consideration, decisive of the point before us ;  and as a clear, learned and convincing investigation of the whole subject.    Accordingly there must be

*Judgment on the verdict.*