FOR THE

## COUNTY OF FRANKLIN,

JANUARY TERM, 1851.

PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. DANIEL KELLOGG,

---

## HAKES, BATTERSHALL & WEED v. CYRUS HOTCHKISS.

*Contract. Delivery. Agreement to forbear suit. Parol evidence.*

The attorney for the plaintiffs having in his hands, for collection, a demand in favor of the plaintiffs against a third person, and being about to take measures to enforce collection, the defendant signed and delivered to the attorney an agreement in writing, by which he promised to pay, within a time specified, the original demand, in consideration of forbearance to sue it; and the plaintiffs did forbear to sue the original demand, and, upon the trial of a suit brought to enforce the defendant's promise, produced the agreement signed by the defendant. And it was held, that there was a sufficient delivery of the defendant's agreement, to render it operative against him.

And it was also held, that it was no objection to the validity of the defendant's agreement, that there was no particular time specified in it for the forbearance.

And it was also held, that the effect of the written instrument signed by the defendant could not be controlled, or varied, by parol evidence, that he received from the original debtor collateral security for assuming the obligation, and that he at first declined to sign the agreement, declaring that he did not intend to assume any obligation, beyond the amount which he should realize from the securities which he received, and that he was assured by the attorney, that he should *only* be held to that extent, and that he thereupon signed the agreement.

ASSUMPSIT upon an agreement in writing by the defendant to pay a demand of the plaintiffs against Swan & Bates and Levi Robinson, in consideration of forbearance.     Plea, the general issue, and trial by jury, September Term, 1850,—ROYCE, Ch. J., presiding.

On trial the plaintiffs gave in evidence the agreement declared upon, which was signed by the defendant, and was dated March 11, 1846, and was in these words :—

" Messrs. J. & J. G. Smith, Gent. :  In consideration that you
" will not sue the account of Henry E. Weed, of Troy, against
" Swan & Bates, and also that you will not enforce the collection of
" the note payable to Hakes, Battershall & Weed against Swan &
" Bates and Levi Robinson, which said demands are in your hands
" for collection, I will see that the amount of the account of said
" Weed and the note against Swan & Bates and Levi Robinson
" shall be paid,—one half of the whole amount to be paid on or be-
" fore the first of September next, and the other half on or before
" the fifteenth day of November next."

The plaintiffs also offered in evidence their note against Swan & Bates and Levi Robinson.   To this it was objected, that the defendant's agreement did not sufficiently describe the note ; but, it appearing that the Messrs. Smith held no other note against Swan & Bates and Robinson, the objection was overruled.   It was farther objected, that the writing signed by the defendant did not stipulate for any certain time of forbearance, and that the defendant's promise was therefore without consideration ; but, it not appearing, that the plaintiffs had ever pursued their demand against Swan & Bates and Robinson, after the defendant executed the writing, this objection was overruled.

The defendant called J. G. Smith as a witness,—whose testimony tended to show, that the firm of J. & J. G. Smith, of which firm he

was a member, held the note above mentioned, as attorneys for the plaintiffs, for collection, when Swan and Bates failed in business at Georgia; that the witness went to Georgia to obtain security for the debt, if possible, and threatened to attach goods in the store; that Swan & Bates delivered to the defendants certain property and demands, to secure him for becoming holden for the note; that the witness then drew the writing declared upon, and showed it to the defendant,—who objected, that the writing, by its terms, would render him liable for the amount of the debts mentioned in it, whereas he was only willing to be holden for what he could realize from the property and demands so placed in his hands, and the witness thereupon told him, that he should not be holden to any greater extent upon the writing; and that the witness regarded the transaction as being so far confidential between the defendant and himself, that he declined to prosecute the instrument, and thereupon the plaintiff placed it in the hands of other counsel and directed the present suit to be brought. It appeared, that if the writing should be enforced according to its terms, the defendant would be held liable for an amount considerably more than he had realized from the securities placed in his hands.

The court decided, that this evidence did not tend to show, but that the writing was to have an effect and operation, as between the plaintiffs and defendant, and that the nature and extent of its operation must be determined from the writing itself, and not from the testimony of the witness. The jury were accordingly directed to return a verdict for the plaintiffs, for the amount of the note against Swan & Bates and Robinson. Exceptions by defendant.

*H. R. Beardsley* and *Stevens & Edson* for defendant.

It is inferable from the facts stated, that the writing was never fully delivered,—that it was merely handed to J. G. Smith, to hold, not as a binding instrument, to be enforced against the defendant, but merely to be kept by him and thereby made the means, through the defendant's agency, of obtaining some pay for the plaintiffs from Swan & Bates. If the writing were delivered for a special purpose, and the party undertake to use it for a different purpose, it is a fraud upon the defendant, which even a court of law will not permit. The obligee in an instrument may covenant, at the time

xxiii. 30

of its delivery, not to sue it, and this covenant may be pleaded in bar of a suit. If so, the defendant, in this case, can claim the benefit of the plaintiffs' agreement, to the extent that it was made, and defeat a recovery of any thing beyond what the defendant received.

*A. O. Aldis* and *L. B.* and *G. G. Hunt* for plaintiffs.

1. The description of the note, in the writing declared upon, is sufficient. 3 Cow. & H. Notes to Phil. Ev. 1358.

2. Forbearance is a good consideration, though no certain time of forbearance be agreed upon. Chit. on Cont. 35, 37. Story on Cont. 76. Cro. Jac. 684. Cro. Car. 241. Cro. Eliz. 387. 2 Saund. Pl. & Ev. 137. 1 Ib. 211. 3 Burr. 1663. *Elting* v. *Vanderlyn*, 4 Johns. 237. *King* v. *Upton*, 4 Greenl. 387. *Lonsdale* v. *Brown*, 4 Wash. C. C. 148. *Sidwell* v. *Evans*, 1 Penn. 387. 5 Rawle 69. *Watson* v. *Randall*, 20 Wend. 201. *Rix* v. *Adams*, 9 Vt. 233. If the new surety, or promissor, agree to pay the debt by a specified time, the agreement to forbear should be construed to extend to the same length of time. If there be nothing in the agreement of the new surety to indicate the intent as to the time of forbearance, then it should be construed to mean a reasonable time.

3. But in this case the language of the agreement is not "*to forbear*," but it is "*will not sue*," "will not enforce the collection of the note." It is equivalent to *perpetual* forbearance. 19 Johns. 129. 6 Wend. 471.

4. The instrument, being a valid written memorandum of the contract, cannot be varied or contradicted by parol evidence.

The opinion of the court was delivered by

KELLOGG, J. It is urged, that there was no sufficient delivery of the writing, upon which the suit is founded, to render it operative against the defendant. We are unable to discover the grounds, upon which this objection is based. The writing being executed by the defendant, and for the benefit of the plaintiffs, and being in their possession, is *prima facie* evidence, that the same was duly delivered. And the testimony of Mr. Smith has no tendency to rebut the presumption. As the attorney of the plaintiffs, he went to Georgia, to secure their demand against Swan, Bates and Robinson, and for that purpose received the writing in question. The delivery of it to

Smith was a delivery to the plaintiffs. That the plaintiffs regarded it as an available paper is evident from the fact, that no farther measures were then taken, to enforce the payment of their demand against Swan, Bates and Robinson. The plaintiffs, relying upon the defendant's security, abstained from prosecuting their demand against Swan, Bates and Robinson. There is nothing in the case, to sustain the objection, that the instrument was not properly delivered.

It is farther said, that, inasmuch as there is no particular time stipulated for the forbearance, the instrument is void for want of consideration. This objection is untenable. " If no agreement be made as to the length of time, during which the promissee will forbear, the law will presume, that he undertakes to forbear for a reasonable time; and this is sufficiently certain and is a good consideration." Story on Agency 76. So an agreement to forbear, generally, to sue, is considered as a perpetual forbearance, and is therefore a good consideration. Story on Agency 76.

Nor can the legal effect of the instrument be controlled by the declarations of the defendant, made at the time he executed it, or by the promise of Mr. Smith. For it is well settled by an uniform and unbroken current of authorities, that parol evidence is inadmissible for such purpose. The legal effect of the defendant's promise and the extent of its operation must be determined by the instrument itself, and cannot be enlarged, abridged, varied, or contradicted by parol. There is no evidence, that the writing was procured by fraud, nor is it claimed. The court were therefore right in deciding, that the contract could not be controlled by the testimony of Mr. Smith, and in directing a verdict for the plaintiffs.

The judgment of the county court is affirmed.