SILAS B. HOWE *vs.* JAMES M. TAGGART & another.

Worcester.   Oct. 8, 1881. — Sept. 7, 1882.   LORD, W. ALLEN & C. ALLEN, JJ., absent.

The defendant in an action, after he had filed an answer to the declaration, which contained two counts, on the plaintiff's filing a third count, filed, by leave of court and the consent of the plaintiff, an answer containing a demurrer to the whole declaration. The plaintiff gave his consent, supposing that it was an answer to the third count only; and it did not appear that the judge understood that it was an answer and a demurrer to all the three counts when he gave leave to file it. The judge ordered the demurrer to be confined to the third count. *Held,* that the defendant had no ground of exception.

An agreement to forbear bringing suit for a debt due, for an indefinite time, if followed by actual forbearance for a reasonable time, is a good consideration for a promise to pay the debt by a person other than the debtor.

A person, by signing a promissory note after it has been delivered, although for a distinct consideration sufficient to support his contract, does not become a joint and several promisor with the maker, if the original obligation of the latter on the note is not destroyed.

CONTRACT against James M. Taggart and James M. Taggart, Jr.   Writ dated June 16, 1880.   The declaration originally contained one count on a promissory note for $300, dated April 1, 1871, payable to the plaintiff or order, and purporting to be signed by both defendants.   The plaintiff was allowed to amend his declaration by filing a second count, for the same cause of action, alleging that James M. Taggart made a promissory note payable to the order of the plaintiff, and the defendant James M. Taggart, Jr. thereafter, in consideration that the property for which said note was given should pass to and remain in his hands, and that the plaintiff would then forbear to sue or collect said sum from said James M. Taggart, promised and agreed to pay said note and interest, and now owes the plaintiff the amount of said note and interest.

The answer of James M. Taggart, Jr. denied making the note declared on in the first and second counts, and averred that, if he made it, it was without consideration.

The plaintiff subsequently filed a third count to his declaration. The defendant then filed, by leave of court and the consent of the plaintiff's counsel an answer containing a demurrer to the whole declaration, as amended, and to the several counts thereof.

At the hearing on the demurrer, in the Superior Court, before *Staples*, J., the plaintiff's counsel stated that he gave his consent to said filing under a mistake of fact, supposing it was an answer to the third count only, and that he did not read the same before giving his consent. It appeared, on inspection of said answer and demurrer, that it was entitled an " answer" originally, and the words " and demurrer " were added by the clerk after filing. The demurrer was sustained as to the third count, which was adjudged bad; but the judge refused to entertain the demurrer as to the residue of the declaration, the same having been already answered to on the merits, and ruled that the demurrer should be confined to the third count.

The judge directed the trial to proceed before the jury on the first and second counts of the declaration and the first answer thereto.

It appeared in evidence that the note in suit was made and delivered to the plaintiff by James M. Taggart alone, at its date; that the sole original consideration for it was the sale and conveyance of a certain tract of land by the plaintiff to James M. Taggart, who paid the interest on said note annually to and including that paid in 1878, and that James M. Taggart, Jr. had no interest or participation in this original consideration, and that there was no agreement for another name or additional security on the note at the time of the making and delivery by the first signer. The defendants were father and son.

The plaintiff testified that he went to James M. Taggart in July 1878, and saw Taggart, Jr.; that he passed him the note, and said, " I want you to sign it, as you have the property. I think it just and right you should. Your father says he can't pay it. It may remain by your signing it." And that he then in the presence of his father signed the note and gave it to the

plaintiff; that the property meant was the land he had conveyed; that on April 1, 1879, he received the interest then due from Taggart, Jr.

The plaintiff offered in evidence a deed from Taggart to his son, being the conveyance before referred to. The evidence was admitted against the defendants' objection, as explanatory of the conversation between the parties, and for no other purpose. The deed was in common form, dated April 1, 1878, of all the real estate of Taggart, in consideration of $9300, to Taggart, Jr. Said real estate included the tract for which the note in suit was originally given by James M. Taggart.

At the close of the testimony, James M. Taggart, Jr. asked the judge to rule that, on the pleadings and proofs, the action could not be maintained on either count of the declaration, and that the plaintiff could not recover on the first count because this defendant's name was not put on the face of the note till several years after it was given; and that on the evidence there was no consideration in law for the signing of the note by this defendant, and no evidence that this defendant ever made the note declared on in the first count; and that there was a fatal misjoinder of the first and second counts.

The judge refused to give any of the rulings requested, but ruled that if for a sufficient consideration, the parties all being together, Taggart, Jr., at the plaintiff's request, signed the note as maker, by placing his signature thereon under that of his father, intending thereby to adopt the words of the contract as written and to make the note his own, and to subject himself to the liability of a co-promisor thereon, Taggart, Sr. agreeing and consenting to all the foregoing, and Taggart, Jr. then delivered the note to the plaintiff as and for the note of both signers, his father consenting and agreeing to such delivery, and the son afterwards paid interest on said note when due, Taggart, Jr. was liable in this action, no other objection existing to a recovery. The judge also ruled, that an agreement on the part of the plaintiff with Taggart, Sr. to forbear to sue the note, though for an indefinite time, and forbearance accordingly, was a sufficient consideration for the signing of the note by Taggart, Jr.

The case was submitted to the jury on the first count only, and the first answer thereto.

The jury returned a verdict for the plaintiff against Taggart, Jr., and assessed damages in the sum of $300. The defendant Taggart, Jr. alleged exceptions.

*G. H. Ball*, for the defendant.

*W. A. Gile*, for the plaintiff.

FIELD, J. The defendant cannot complain that his demurrer to the third count was sustained. He does complain that " the judge refused to entertain the demurrer as to the residue of the declaration, the same having been already answered to on the merits." It appears that the defendant, after he had filed an answer to the first two counts of the declaration, on the plaintiff's filing a third count, filed, by leave of court and the consent of the plaintiff, an answer containing a demurrer to the whole declaration. The plaintiff gave his consent, supposing that it was an answer to the third count only, and it does not appear that the court understood that it was an answer and a demurrer to all the three counts when it gave leave to file it. The order of the presiding justice confining the demurrer to the third count was within his discretion.

The trial proceeded on the first and second counts and the original answer thereto, and the case was submitted to the jury on the first count only. It does not appear to have been contended by the plaintiff that the conveyance of the land by Taggart to Taggart, Jr. was the consideration of the promise of Taggart, Jr. to the plaintiff. Apparently, this conveyance was made April 1, 1878, and Taggart, Jr. signed the note in July following. The consideration relied on was the promise of the plaintiff, that, if Taggart, Jr. would sign the note, " it might remain," or, in other words, the promise of the plaintiff that he would forbear suing Taggart.

It seems to have been assumed in this Commonwealth that an agreement to forbear bringing suit for a debt due, even although for an indefinite time, and even although it cannot be construed to be an agreement for perpetual forbearance, if followed by actual forbearance for a reasonable time, is a good consideration for a promise. *Prouty* v. *Wilson*, 123 Mass. 297. *Robinson* v. *Gould*, 11 Cush. 55. *Boyd* v. *Frieze*, 5 Gray, 553. *Ellis* v. *Clark*, 110 Mass. 389. *Pratt* v. *Hedden*, 121 Mass. 116. *Mecorney* v. *Stanley*, 8 Cush. 85. *Manter* v. *Churchill*, 127

Mass. 31. See also *Coles* v. *Pack*, L. R. 5 C. P. 65; *Oldershaw* v. *King*, 2 H. & N. 517.

The jury returned a verdict for the plaintiff on the first count. This was a count on a promissory note, in which it was alleged that both defendants made the note, a copy of which was annexed, and which purported to be signed by both defendants, and dated April 1, 1871. It was a copy of the note which Taggart gave April 1, 1871, and which Taggart, Jr. signed in July 1878. To support this count, it was necessary to prove that, after Taggart, Jr. signed the note, it was delivered to the plaintiff, on a good consideration, as a new original contract of both defendants. No evidence appears that would warrant any such finding. The whole evidence recited in the exceptions shows that all parties intended and understood that Taggart was to continue liable on the note, according to the obligation he entered into when he gave it on April 1, 1871; and that the obligation assumed by Taggart, Jr. when he signed it in July 1878 was additional and collateral to this obligation of Taggart. There was no evidence, so far as appears, that this original obligation of Taggart on the note was destroyed, and, while that remained, Taggart, Jr. could not become a joint and several promisor with him by signing the note, although he signed it for a distinct consideration sufficient to support his contract. *Stone* v. *White*, 8 Gray, 589.

The instructions given by the presiding justice did not discriminate with sufficient care between becoming a party to a contract already subsisting, and executing with another person a new contract, and apparently were not adapted to the evidence. *Exceptions sustained.*