ANN J. MOORE *vs.* WILLIAM A. MCKENNEY.

Androscoggin. Announced at July Law Term, Western District. Opinion September 30, 1890.

*Forbearance. Consideration. Guaranty. Verdict. Practice.*

A promise to forbear and give further time for the payment of a debt, although no certain or definite time be named, if followed by actual forbearance for a reasonable time, is a valid and sufficient consideration for a promise guarantying its payment.

When a promise to forbear is made in general terms, no certain or definite time being named, the law implies that the forbearance shall be for a reasonable time.

The court may properly instruct the jury to return a verdict for either party when it is plain that a contrary verdict can not be allowed to stand.

ON EXCEPTIONS.

This was an action of assumpsit brought against the defendant as guarantor of the payment of a certain promissory note.

Writ dated January 1, 1889.

(Declaration.) "In a plea of the case ; for that whereas Isaac A. Johnson and Charles E. Johnson, on the first day of January, 1885, at said Auburn, was indebted to the plaintiff in the sum of one hundred dollars, with interest therefor, according to the note of the said Isaac A. and Charles E. Johnson, under their hands, given to the plaintiff long before, to wit, on the twelfth day of August, 1880, and being so indebted, the plaintiff was about to sue the said Isaac A. and Charles E. Johnson, for the recovery of said sum, with the interest thereon due ; and the said McKenney, the defendant, on said first day of January, 1885, at said Auburn, in consideration that the plaintiff would then and there, at the special request of the said McKenney, forbear * to sue the said Isaac A. and Charles E. Johnson, for the purpose and cause aforesaid, promised the plaintiff to pay her the said sum of money and the interest thereon due, owing to the plaintiff as aforesaid, by the said Isaac A. and Charles E. Johnson ; and the plaintiff avers, that confiding in the said promise of the said McKenney, she hath hitherto foreborne to sue the said Isaac A. and Charles E. Johnson, and never commenced an action against the said Isaac A. and Charles E. Johnson, in this behalf ; and, although a reasonable time for the payment of the said sum of money and interest, so owing by the said Isaac A. and Charles E. Johnson, hath long since elapsed, yet the said McKenney, though requested, has never paid the same, but wholly neglects and refuses so to do ; and the said sum of money and interest, so owing from the said Isaac A. and Charles E. Johnson, as aforesaid, is still unpaid and in arrears to the plaintiff.

"Also, for that Isaac A. Johnson, and Charles E. Johnson, on

* *For a reasonable time.* REPORTER.

the twelfth day of August, 1880, at said Auburn, by their promissory note in writing, under their hands, of that date, for value received, jointly and severally promised the plaintiff to pay her, or her order, one hundred dollars on demand, with interest at seven per cent per annum, until paid; and the said McKenney, the defendant, thereafterwards, on the first day of January, 1885, by his writing under his hand, on the face of said note, for value received, then and there promised the plaintiff to guaranty to her the payment of the contents of said note, agreeably to the tenor of the same; and the said sum of money and interest so owing from the said Isaac A. and Charles E. Johnson, as aforesaid, is still unpaid and in arrears to the plaintiff.

"Also, for that Isaac A. Johnson and Charles E. Johnson, on the twelfth day of August, 1880, at said Auburn, by their promissory note in writing, under their hands, of that date, for value received, jointly and severally promised the plaintiff to pay her, or her order, one hundred dollars on demand, with interest at seven per cent per annum until paid; and the said McKenney, the defendant, thereafterwards, on the first day of January, 1885, by his writing under his hand, on the face of said note, in consideration that the plaintiff would forbear the said Isaac A. and Charles E. Johnson, and give them further time for the payment of said note and interest, then and there promised the plaintiff to guaranty to her the payment of the contents of said note, agreeably to the tenor of the same; and the plaintiff avers, that confiding in the promise of the said McKenney, she hath hitherto foreborne to sue the said Isaac A. and Charles E. Johnson, and never commenced an action against them in this behalf; and, although a reasonable time for the payment of the said sum of money and interest hath long since elapsed, yet the said McKenney, though requested, has never paid the same, but wholly neglects and refuses so to do; and the said sum of money and interest, so owing from the said Isaac A. and Charles E. Johnson, as aforesaid, is still unpaid and in arrears to the plaintiff.

(Money count.)    "In support of the above count the plaintiff

will claim to prove that Isaac A. Johnson and Charles E. Johnson, on the twelfth day of August, 1880, at said Auburn, by their promissory note in writing, under their hands, of that date, for value received, jointly and severally promised the plaintiff to pay her, or her order, one hundred dollars on demand, with interest at seven per cent per annum until paid ; and the plaintiff avers, that thereafterwards, on the first day of January, 1885, she went with the said note to the said Isaac A. and Charles E. Johnson, and demanded payment thereof, which was refused, and that further time was asked by the said Isaac A. and Charles E. Johnson, in which they might make payment of said note, and the interest due thereon ; and she avers that she was unwilling to extend the time of payment thereof, and was about to bring suit on the same ; and the said McKenney, on said day of January, 1885, at said Auburn, in consideration that the plaintiff would then and there, at the special request of the said McKenney, forbear to sue the said Isaac A. and Charles E. Johnson, for the purpose and cause aforesaid, and give them further time for the payment of said note and interest, then and there promised the plaintiff to guaranty to her the payment of the contents of said note, agreeably to the contents of the same ; and the plaintiff avers, that confiding in the promise of the said McKenney, she hath hitherto foreborne to sue the said Isaac A. and Charles E. Johnson, and never commenced an action against them in this behalf ; and, though a reasonable time for the payment of said sum of money and interest, so owing by the said Isaac A. and Charles E. Johnson, has long since elapsed, yet the said McKenney, though requested, has never paid the same, but wholly neglects and refuses so to do ; and the said sum of money and interest, so owing from the said Isaac A. and Charles E. Johnson, as aforesaid, is still unpaid and in arrears to the plaintiff ; and the plaintiff will also offer in support of the above count the above mentioned note, of which the following is a true copy — viz :

" ' Auburn, August 12th, 1880.

" ' For value received we jointly and severally promise to pay

Ann J. Moore, or order, one hundred dollars on demand, with interest at seven per cent per annum until paid.

Isaac A. Johnson,

Charles E. Johnson.

"'For value received, I hereby guarantee the payment of the money above mentioned, to Ann J. Moore.

Wm. A. McKenney.'

"Yet the said defendant, though requested," &c.

The defendant offered no evidence, and thereupon the presiding justice instructed the jury as follows :

"This is an action of assumpsit upon a written guaranty on a promissory note, — the note being dated August 12, 1880, for one hundred dollars on demand, with interest at seven per cent per annum until paid, the note being signed by Isaac A. Johnson and Charles E. Johnson. The alleged guaranty reads as follows : ' 'For value received I hereby guarantee the payment of the money above mentioned, to Ann J. Moore. Signed : William A. McKenney.' It is admitted that the words of the alleged guaranty above the name of McKenney have been written in since the signature of McKenney. No evidence is offered in defense, and the only defense set up is that there was no sufficient consideration therefor. For the purposes of this trial I direct you to return a verdict for the plaintiff for the amount due on the note."

The jury returned a verdict for the plaintiff, and the defendant took exceptions to these instructions.

*Savage and Oakes*, for defendant.

To hold defendant as guarantor upon a note signed and delivered a long time previous to defendants so signing, the plaintiff must prove a consideration, and one known to the defendant. *Tenney* v. *Prince*, 4 Pick. 385 ; *Mecorney* v. *Stanley*, 8 Cush. p. 88.

Mere forbearance to sue is not a sufficient consideration. There must be not only a forbearance, but an agreement to forbear, which suspends the right of action so that suit can not be brought for some time. *Mecorney* v. *Stanley, supra* ; *Manter* v. *Churchill*, 127 Mass. 31 ; *Turner* v. *Williams*, 73 Maine, p.

470 ; *Lambert* v. *Clewley*, 80 *Id.* 480 ; *Smith* v. *Bibber*, 82 *Id.* 34 ; *Veazie* v. *Carr*, 3 Allen, 14.

*McGillicuddy and McCann*, for plaintiff.

"Where one puts his name in blank to a negotiable promissory note, as a guarantor, he leaves it to the holder of the note to write anything over his name not inconsistent with the nature of the transaction. Parker, C. J., in *Moies* v. *Bird*, 11 Mass. 436 ; *Tenney* v. *Prince*, 4 Pick. p. 387 ; *Ulen* v. *Kittredge*, 7 Mass. 233 ; *Josselyn* v. *Ames*, 3 Mass. 273. Consideration : 1 Pars. Con. Book II, p. 440, *et seq.* 1 Chit. Con. p. 40, *et seq.*

Counsel also cited : *King* v. *Upton*, 4 Maine, 387 ; *Robinson* v. *Gould*, 11 Cush. 55 ; *Wheeler* v. *Slocumb*, 16 Pick. 52.

WALTON, J.  This is an action on a negotiable promissory note on the back of which the defendant, not being the payee, had written his name in blank, and over which the plaintiff's counsel, at or before the trial, wrote the words, "for value received I hereby guarantee the payment of the money above mentioned, to Ann J. Moore."

No evidence being offered in defense, the only question is whether the plaintiff's evidence was sufficient to entitle her to a verdict.

We think it was.  The note itself was sufficient to establish a *prima facie* case.  *Colburn* v. *Averill*, 30 Maine, 310 ; *Lowell* v. *Gage*, 38 Maine, 35 ; *Childs* v. *Wyman*, 44 Maine, 433.  And the oral evidence offered by the plaintiff in no way weakened her case.  It merely substituted fact for presumption. It proved what the actual transaction was instead of leaving it to be inferred.  The evidence showed that the defendant wrote his name on the back of the note declared on, intending thereby to guaranty its payment ; that he did this in consideration of the plaintiff's promise to forbear and give further time for the payment of the note ; and that the plaintiff, in consideration of the defendant's guaranty, did forbear and give further time, and as much time as could reasonably be required of her.  True, the evidence failed to show that a definite time was agreed upon.  But this was not necessary.

A promise to forbear and give further time for the payment of a debt, although no certain or definite time be named, if followed by actual forbearance for a reasonable time, is a valid and sufficient consideration for a promise guarantying its payment. *King* v. *Upton*, 4 Maine, 387; *Elton* v. *Johnson*, 16 Conn. 253; *Howe* v. *Taggart*, 133 Mass. 284, and authorities there cited.

And in *Lambert* v. *Clewley*, 80 Maine, 480, (a case cited and relied upon by the defendant's counsel,) the court did not hold otherwise. Nothing was decided in that case except that the alleged contract to forbear was not proved. The court did not decide that such a contract, if proved, would not be valid, unless a definite time of forbearance was agreed upon. In *Smith* v. *Bibber*, 82 Maine, 34, (also cited and relied upon by the defendant's counsel,) the head note does so state; but the opinion of the court does not justify the statement. The word "definite" was inadvertently inserted in the rescript announcing the decision of the court, and this rescript was adopted by the reporter for his head-note. But the error is corrected in the *errata* at the end of the volume, by stating that the word "definite" in the head-note should be erased.

It is undoubtedly true, as stated in the opinion of the court in the case last cited, that to constitute a legal contract to forbear, there must be a valid promise to do so, so that for *some* time the creditor will have no right to sue. But this result may be secured without the naming of any particular time. If the promise is in general terms, no particular time being named, the law implies that the forbearance shall be for a reasonable time. Such is the legal construction of such a promise. The authorities already cited so state. The debtor, therefore, by such a promise, does obtain a right, not only to some delay, but to a reasonable delay, such as under all the circumstances he is reasonably entitled to. We therefore repeat that, a promise to forbear, although for an indefinite time, if followed by actual forbearance for a reasonable time, is a valid and sufficient consideration for a promise guarantying the payment of a debt.

The uncontradicted evidence in this case clearly entitled the plaintiff to a verdict in her favor; and it is the opinion of the court that the jury were properly instructed to return such a verdict. Prevention is better than cure. And the court may properly instruct the jury to return a verdict for either party when it is plain that a contrary verdict can not be allowed to stand. *Jewell* v. *Gagne*, 82 Maine, 430, and cases there cited.

It is very clear that, upon the evidence reported, a verdict against the plaintiff could not be sustained. It was, therefore, the right of the plaintiff to have the jury instructed not to return such a verdict.

*Exceptions overruled.*  ∘

PETERS, C. J., VIRGIN, LIBBEY, FOSTER, EMERY and HASKELL, JJ., concurred.