## JOSEPH BALLARD *v.* OSCAR A. BURTON.

*Consideration. Forbearance. Waiver of legal right. Certificate of deposit. One signing upon back prima facie maker. Evidence. Charge of Court. Immaterial issue.*

1. The plaintiff held a certificate of deposit against a national bank of which the defendant was a director, and applied for payment upon the same. The bank then had funds sufficient for the payment of the certificate and was engaged in its regular business, but was in fact insolvent. The officers of the bank requested the plaintiff not to draw out his money upon the certificate but to leave it in the bank. To this the plaintiff consented upon condition, that the defendant would sign the certificate. Thereupon the old certificate was surrendered, the one in suit issued, signed by the defendant upon the back, and the plaintiff forebore to call for the money until the bank passed into the hands of a receiver. *Held*, that upon the above facts, there was a good consideration for the defendant's promise.

2. It is immaterial that no definite time of forbearance was fixed, provided the plaintiff did in fact forbear a reasonable time.

3. Nor is the plaintiff's right of recovery affected by the fact that under the laws of the United States applicable to banks a payment to him at the time he called for his money would have been void as a preference, and might have been recovered by the assignee.

4. The waiver of a legal right upon request is a good consideration, though the promissee loses nothing thereby.

5. No other demand or notice was required to charge the defendant as a maker than a return of the certificate properly endorsed to the receiver.

6. The plaintiff was properly allowed to testify that he would not have left his money in the bank had he not understood that the defendant was obligated to pay it.

7. It is not error to refuse a particular instruction, if the legal principle embodied in it, as applicable to the case on trial, is correctly stated in some other instruction.

Joseph Ballard *v.* Oscar A. Burton.

8.  By signing his name upon the back of the certificate the defendant became *prima facie* liable as a maker nor did the addition of the word "surety" alter that presumption.

9.  The real obligation intended to be assumed by the defendant might be shown provided it was known to the plaintiff when he accepted the certificate.

10. Whether the defendant himself received any consideration is immaterial, and the submission of that issue to the jury was not error.

Special assumpsit upon a certificate of deposit. Plea, the general issue. Trial by jury at the September term, 1891, Tyler, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The certificate of deposit was as follows :

" No. 3483.                    First National Bank of St. Albans.
                               St. Albans, Vt., Jan. 14th, 1884.
  I hereby certify that Joseph Ballard has this day deposited in this bank Nine Hundred Sixty-two dollars, payable to the order of himself on return of this certificate properly endorsed with interest at 4 per cent per annum.
                               (Signed)    A. SOWLES, Cashier."

(and on the back thereof)

                               " E. A. Sowles
                                 A. Sowles
                                 O. A. Burton, surety."

The facts sufficiently appear in the opinion.

*Farrington & Post,* and *Wilson & Hall,* for the defendant.

There was no consideration. Dan. Neg. Ins., s. 160 ; Chitty, Con. 69 ; *Rix* v. *Adams & Throop,* 9 Vt. 233 ; *Harding* v. *Cragie,* 8 Vt. 501 ; *Mecorney* v. *Stanley,* 8 Cush. 85 ; *Manter* v. *Churchill,* 127 Mass. 31.

Payment to the plaintiff, the bank being insolvent, would have been void, and might have been recovered by the receiver. Hence the plaintiff lost nothing by his forbearance. *First National Bank* v. *Colby,* 21 Wall. 609-616 ; cases cited in Bump

under s. 5428; *Roberts, Rec'r.,* v. *Hill, Admr.,* 24 . Fed. Rep. 571.

The certificate never was returned according to its terms, so that no right of action ever matured to the plaintiff. *Brown* v. *McClary,* 52 Ind. 404.

*H. C. Adams,* and *Ballard & Burleson,* for the plaintiff.

The forbearance of the plaintiff to withdraw his money was a sufficient consideration. *Hakes, et al.*v *Hotchkiss,* 23 Vt. 231; *Seaman* v. *Seaman,* 12 Wend. 381.

The opinion of the court was delivered by

START, J. The defendant's motion for a verdict was properly overruled. It appears from testimony, not controverted, that the defendant was a stockholder and director of the First National Bank of St. Albans. The plaintiff and his sister had money deposited there, evidenced by certificates of deposit. There was a run on the bank, and the plaintiff presented these certificates and demanded the money evidenced by them. There was a sufficient amount of money at hand to pay the sums demanded; but the officers of the bank desired to retain it and asked the plaintiff to leave it. Thereupon he told them he would accept of a new certificate signed by the defendant, otherwise he wanted the money. They gave him such a certificate, and he surrendered up to the bank the old certificates. The plaintiff subsequently paid his sister the amount of her certificate, which was included in the new certificate. The cashier of the bank understood the plaintiff was to forbear for a reasonable time the exercise of his right to draw the money, and the plaintiff did forbear until the bank closed its doors and its funds went into the hands of a receiver. At this time the bank was insolvent. The evidence fails to show that a definite period of forbearance was agreed upon, but no question is made but that the plaintiff did forbear for a reasonable time.

The uncontroverted evidence clearly entitled the plaintiff to a holding by the court that there was a sufficient consideration for

the defendant's promise. The request by the officers of the bank that the plaintiff leave the money, his reply, the giving of a new certificate, the surrender of the old ones, and the forbearance of the plaintiff admit of but one interpretation. The plaintiff, in consideration of a new certificate signed by the defendant, surrendered the old certificates and agreed to, and did, forbear the exercise of a legal right to then draw his own and his sister's money. In view of the uncontroverted facts and circumstances in the case, any other construction of the contract would be meaningless. It is a rule in construing contracts that they are to be so understood as to have legal and actual operation, and a construction which would be senseless in view of the circumstances of the case, or wholly inapplicable, should never be adopted. Story on Contracts, sec. 640; *Atwood* v. *Cobb*, 16 Pick. 227; *Evans* v. *Sanders*, 8 Port. 497 (33 Am. Dec. 297.) Words are not to be construed in a frivolous or ineffectual sense when a contrary exposition can be given them; they should have a reasonable construction according to the intent of the parties. Chitty on Contracts, 79.

In *Gunnison* v. *Bancroft*, 11 Vt. 490, it is held that language used by one party to a contract, is to receive such a construction as he at the time supposed the other party would give to it, or such a construction as the other party was fairly justified in giving to it.

In *Judevine* v. *Goodrich*, 35 Vt. 19, where one, in reply to the request of another for a license to do something in respect to the former's property, did not intend to accede to the request, but purposely used language susceptible of a double interpretation in this respect, with the intention that the other party should derive the impression that he did accede to the request, and the other did derive such impression and relied on it, it was held that he was bound to the same extent as if he had, in express words, granted the license.

When the plaintiff said to the officers of the bank, in reply

to their request that he leave the money, that he would accept a new certificate signed by the defendant, otherwise he wanted his money, they had the right to understand him as offering to leave the money for a reasonable time if such a certificate were furnished. They accepted of his offer, furnished the certificate, he accepted of it, and forebore for a reasonable time the exercise of his right to draw the money. All parties seemed to have understood that such was his undertaking, and what was said and done admits of no other interpretation, and such will be deemed to have been the contract. It is insisted that the defendant's promise was without consideration because no time of forbearance was agreed upon. A promise to forbear and give further time for the payment of a debt, although no certain or definite time be named, if followed by an actual forbearance for a reasonable time, is a valid and sufficient consideration for a promise to pay the debt by a person other than the debtor. *King* v. *Upton,* 4 Me. 387; *Elton* v. *Johnson,* 16 Conn. 253; *Howe* v. *Taggart,* 133 Mass. 284; *Prouty* v. *Wilson,* 123 Mass. 297; *Robinson* v. *Gould,* 11 Cush. 55; *Moore* v. *McKenney,* 83 Me. 80, (21 At. Rep. 749.)

In *Howe* v. *Taggart, supra,* Field, J., in delivering the opinion of the court, says: "It seems to have been assumed in this Commonwealth that an agreement to forbear bringing suit for a debt due, even although for an indefinite time, and even although it cannot be construed to be an agreement for perpetual forbearance, if followed by actual forbearance for a reasonable time, is a good consideration for a promise."

In *Moore* v. *McKenney, supra,* decided by the Supreme Court of Maine, in 1890, the defendant wrote his name upon the back of the note declared upon, intending thereby to guarantee its payment. He did this in consideration of the plaintiff's promise to forbear and give further time for the payment of the note; no time of forbearance was agreed upon, and it was held that the court properly ordered a verdict for the plaintiff. Wal-

ton, J., in delivering the opinion of the court, says: "If the promise is in general terms, no particular time being named, the law implies that the forbearance shall be for a reasonable time. Such is the legal construction of such a promise. The debtor, therefore, by such promise, does obtain a right not only to some delay but to a reasonable delay ; such as under all the circumstances he is reasonably entitled to."

In *King* v. *Upton, supra,* the promise counted on was to pay the debt of another, in consideration that the creditor would "forbear and give further time for the payment of the debt," naming no time. The plaintiff averred that he did thereupon forbear, and the consideration was held sufficient.

In *Calkins* v. *Chandler,* 36 Mich. 320 (24 Am. Rep. 593), it is held that an agreement to pay the debt of another, in consideration that the creditor would forbear and give further time for payment, is founded upon a good consideration, although no definite time of forbearance is named.

In *Hakes* v. *Hotchkiss,* 23 Vt. 235, it is said, " If no agreement be made as to the length of time, during which the promissee will forbear, the law will presume, that he undertakes to forbear for a reasonable time ; and this is sufficiently certain and is a good consideration."

Parsons in his work on contracts, vol. 1, p. 442, says, "Nor need the agreement to a delay be for a time certain, for it may be for a reasonable time only and yet be a sufficient consideration for a promise."

The Revised Statutes of the United States, sec. 5242, relating to banks, provides, among other things, that all payments of money made after the commission of an act of insolvency, or in contemplation thereof, with a view to prevent the application of its assets in the manner provided in that chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void. It is insisted by the defendant, that a payment by the bank at the time

the plaintiff called for his money would have been void under this provision of the statute; that the plaintiff lost nothing by his agreement and forbearance; and that neither the bank nor the defendant were benefited thereby. Notwithstanding this statute and the insolvency of the bank, the plaintiff waived a legal right in consideration of the defendant's promise. Before he agreed to forbear, the certificates were not subject to any defence, and he could have negotiated them, and they would have been payable on presentation at the bank. By surrendering them and taking a new certificate impaired by his agreement to forbear, he made his claim subject to a defence that would be likely to effect its negotiability and value. · Had the plaintiff drawn his money, it is not certain that the receiver would have called for it, or that he would have recovered it by an action. A determination of the receiver's right to the money might necessitate a trial of doubtful issues of law and fact. The plaintiff had a right to draw, and to try and hold, the money. He waived this right in consideration of the defendant's promise. But for this promise he would have drawn his money January 14, 1884. The receiver was not appointed until some three months thereafter, during which time no one could have rightfully called on him for the money; and during this time, at least, he waived his right to have and enjoy his money. He may, or may not, have been damaged by waiving these rights. He waived them in consideration of the defendant's promise, and that is sufficient

Consideration does not necessarily depend upon whether the thing promised results in a benefit to the promisee, or a detriment to the promiser. It is enough that something is promised, or the exercise of a present right is foreborne. In Anson on contracts, 62, it is said: "Courts will not inquire whether the thing which forms the consideration does, in fact, benefit the promisee or a third party or is of any benefit to anyone. It is enough that something is promised, done, foreborne, or suffered by the party to whom the promise is made, as a consideration

for the promise made to him." The law will not enter into an inquiry as to the adequacy of the consideration for a promise but will leave the parties to be the sole judges of the benefits to be derived therefrom, unless the inadequacy of the consideration is so gross as of itself to prove fraud or imposition. *Judy* v. *Louderman*, 48 Ohio St. 562, (29 N.E. 181.) In general, a waiver of any legal right, at the request of another party, is a sufficient consideration for a promise. Parsons on contracts, vol. 1, p. 444. Any damage or suspension, or forbearance of a right, will be sufficient to sustain a promise. 2 Kent's Com., 12 Ed., p. 465. In *Burr* v. *Wilcox*, 13 Allen, 273, Wells, J., in defining consideration, says: "Any act done at the defendant's request and for his convenience, or to the inconvenience of the plaintiff, would be sufficient." The Exchequer Chamber, in 1875, defined consideration as follows: "A valuable consideration in the sense of the law, may consist either in some right, interest, profit or benefit accruing to the one party, or some forbearance detriment, loss or responsibility given, suffered or undertaken by the other." Any act done by the promisee at the request of the promisor, however trifling the loss to himself or the benefit to the promisor, is a sufficient consideration for a promise made without fraud, and with full knowledge of all the circumstances. *Doyle* v. *Dixon*, 97 Mass. 213. Pollock in his work on contracts, p. 166, says: "Consideration means not so much that one party is profiting as that the other abandons some legal right in the present." In *Boyd* v. *Freize*, 5 Gray, 554, Shaw, C. J., says: "An agreement, therefore, to forgo one's legal right, or forbear collecting a debt, or enforcing any other beneficial right, is a good consideration for an express promise made upon it. Such agreement may be expressed, or implied by law."

There was evidence tending to show that the defendant was a maker of the certificate; and, if such maker, his undertaking was to pay the plaintiff the amount called for by the certificate when it, properly endorsed, should be returned to the bank.

The bank having been closed and a receiver appointed, a return of the certificate, properly endorsed, to the receiver, was all that was required. No other demand or notice was necessary before bringing suit. There were no officers of the bank to whom the certificate could be returned. The funds of the bank were in the hands of the receiver, and, for the purpose of returning the certificate as therein provided, the receiver was the bank.

The plaintiff was allowed to testify that he would not have left his money in the bank, if he had not understood that the defendant was obligated to pay it. The plaintiff was allowed to testify, without objection, that he went to the bank for the purpose of drawing his money ; and there was no error in allowing him to state that he would have done what he purposed to do but for the defendant's promise.

The defendant requested the Court to instruct the jury, "That if Albert Sowles and Edward A Sowles signed the certificate as endorsers, with the right of demand and notice, then, under the testimony, the defendant is not liable." We think, from the testimony, that if Albert and Edward A Sowles were endorsers, then the defendant was an endorser ; but the necessity for such instruction was obviated by the instruction, that, if the jury found that the defendant was an indorser, then the plaintiff could not recover, and it was not error to decline to give the instruction requested. Whatever may have been the relation of the signers of the certificate to each other, they were, for the purpose of determining their liability to the plaintiff, either makers or endorsers of the certificate. The evidence showing the understanding between the signers of the certificate as to their respective liability to the plaintiff, and as between each other, was not withdrawn from the consideration of the jury ; and it was for them to say, from all the evidence, whether the undertaking of the defendant was that of a maker or that of an endorser.

The Court told the jury that, if nothing was said to the

plaintiff to explain to him that their obligation on the certificate was that of endorsers, and not makers, he had the right to understand that they were makers and absolutely liable upon it. It is insisted by counsel for the defendant, that the affixing of the word "surety" to the defendant's name was notice to the plaintiff that the defendant intended to limit and restrict his liability; and that this fact should overcome the presumption of law laid down by the Court. The word "surety" affixed to the defendant's name only indicated to the plaintiff the fact that the defendant was surety for the bank, and this was already known to him. He knew, that the bank had the money; that the defendants, E. A. Sowles and A. Sowles, did not have it; and that, in fact, they were sureties for the bank; but this fact did not change the undertaking of the defendant from that of a maker to that of an endorser entitled to demand and notice. A surety is an original maker, and becomes primarily and absolutely liable, as much so as the principal, to any person lawfully holding the paper. *Bank of Newbury* v. *Richards et al.*, 35 Vt. 284. The defendant was liable, *prima facie*, as a maker of the certificate. *Bank of Bellows Falls* v. *Dorset Marble Co.*, 61 Vt. 106; *Strong* v. *Riker*, 16 Vt. 554. But this presumption was susceptible of being controlled by evidence of the real obligation intended to be assumed by the defendant, and known to the plaintiff. The Court made a proper application of this rule in admitting evidence as to what transpired before and at the time of the execution of the certificate of deposit, as affecting the liability of the defendant, and told the jury that, if they found that the defendant was an endorser, then the plaintiff could not recover. To justify the verdict returned by the jury, they must have found that the defendant's undertaking was that of a maker of the certificate.

The Court told the jury that, if the defendant put his name upon the certificate for the purpose of stopping a run on the bank and tiding it over its then exigency, this would be a suffi-

Joseph Ballard *v*. Oscar A. Burton.

cient consideration. If this was not the true test of consideration, the defendant has no reason to complain. It was not necessary that he receive a consideration ; as the evidence stood, the question as to whether he received a consideration was an immaterial issue, and the defendant was not prejudiced by the court's submitting such issue to the jury. It appeared from the undisputed facts that his principal received a sufficient consideration to support his promise. This was all that was required. *Moore* v. *McKenney, supra ; King* v. *Upton, supra ; Howe* v. *Taggart, supra.* The Court might have properly held that a sufficient consideration was established by the uncontradicted facts, and withheld this question from the consideration of the jury.

The plaintiff concedes that there was error in the *pro forma* ruling of the Court upon the question of interest, and offers to remit the excess of interest included in the judgment rendered in the County Court.

*Judgment reversed ; judgment for the plaintiff to recover nine hundred and sixty-two dollars, with interest to be computed at the rate of four per cent. per annum from the date of the certificate to the date of the writ, and six per cent. thereafter, and his costs in the County Court, less the dividends paid on the certificate by the receiver and · the defendant's costs in this court.*