[No. 1613.]

MARSHALL v. OLD.

1. CONTRACTS—MORTGAGES—PLEADING.

Where there was a first and second mortgage on a piece of property and
the mortgagor abandoned it and the second mortgagee proposed
that if the first mortgagee would forbear a foreclosure he would
take charge of the property and after paying the expense of collec-
tion, the taxes and repairs, would pay to the first mortgagee the
rents, which was consented to by the first mortgagee but no definite
time was fixed during which the foreclosure should be forborne,
and the second mortgagee took possession, collected the rents and
paid a part of the rents to the first mortgagee and the first mort-
gagee forbore his foreclosure for nearly two years, he had a right
of action for the balance of the rents collected above the expense
of collecting, etc., and not paid over, and a complaint that alleges
the above facts states a good cause of action.

*Appeal from the District Court of Arapahoe County.*

Mr. A. J. RISING and Mr. S. E. MARSHALL, for appellant.

Mr. T. J. O'DONNELL and Mr. EDWIN H. PARK, for appellee.

THOMSON, J.

The appellee was plaintiff, and the appellant, with whom was joined R. H. Marshall, was defendant below. There was no service of summons upon R. H. Marshall, and no appearance in his behalf, and the cause proceeded to trial and judgment against the appellant alone. The amended complaint alleged that on January 1, 1894, the plaintiff was the owner and holder of two past promissory notes for $6,000 each, separately secured by trust deeds upon real estate described, and the defendants were the owners and holders of two trust deeds upon the same premises, subsequent and subject to those of the plaintiff, and executed to secure the payment to them of an indebtedness of $2,000 ; and that on that day, the owners of the equities being insolvent, and having abandoned the property, the defendants proposed to the plaintiff that if he would forbear foreclosure, and allow them time to make some disposition of the premises, by which their debt might be protected, they would take charge of the property, and collect the rents, and turn them over to the plaintiff. The complaint then proceeded as follows :

" That plaintiff then and there agreed with the defendants, in consideration of the payment to him (plaintiff) of all the rents of the said premises (to be applied upon the interest upon said notes), to postpone and forbear foreclosure for such a time and so long as the defendants should pay to the plaintiff the rents as aforesaid, the defendants then and there agreeing with the plaintiff, in consideration of plaintiff's forbearance and postponement of said foreclosure and giving the defendants time to sell or dispose of the said premises so as to protect their said second trust deed notes, to take charge of said premises and keep the same in repair and col-

lect and pay the rents to plaintiff as aforesaid, less the amount of taxes paid, to be applied by the plaintiff as aforesaid.

"That the plaintiff did, in consideration of the defendants' said agreement and the payment of rents as aforesaid, forbear and postpone said foreclosure and did not foreclose his said deeds of trust within two years from January 1, 1894.

"That the defendants did thereafter take charge of said premises and collect the rents thereof, and, on or about February 1, 1894, paid to the plaintiff the sum of $47.50 for rent according to the terms of said agreement; that thereafter defendants paid to the plaintiff the following sums, to wit, on or about the following dates, April 6, 1894, $18.50; April 8, 1894, $23.50; May 8, 1894, $23.75; November 15, 1894, $50.00; January 25, 1895, $50.00, and June 14, 1895, $50.00, being a total of $263.25.

"That the said premises were rented for the sum of $25.00 per month each, for the years of 1894 and 1895, and were occupied for the full time; that the defendants have collected as rents from the said premises, for the said years of 1894 and 1895, the sum of $1,200, but have only paid to plaintiff the sum of $263.25; that there is now due and owing the plaintiff from the defendants the sum of $936.75."

This complaint was not demurred to, but the point is made here that it does not state a cause of action. The argument is that it does not set forth an agreement in which there was a mutual concurrence by the parties, and that there was, therefore, no contract to enforce. According to the complaint, the plaintiff agreed, in consideration of the payment to him of all the rents of the premises, to forbear foreclosure as long as the rents should be so paid to him, while the defendants agreed in consideration of his forbearance of foreclosure for a sufficient time to enable him to dispose of the premises so as to protect their own notes, to turn over to him the rents, less taxes, which they were to pay and deduct. These two so-called agreements are not the same. Saying nothing of the difference between them as to the time of forbearance, they vary as to the amount to be paid. One con-

templates the payment of the whole amount of the rents to the plaintiff, while the other contemplates the payment of only a portion—that is, the whole amount, diminished by a deduction for taxes. Each agreement was unilateral, and of no effect unless concurred in by the other party. If the complaint contained nothing on the subject of an agreement, except that of which we have just spoken, we should say that the position of the defendant was well taken, and that the complaint set forth no contract, and, hence, no cause of action. A unilateral agreement amounts only to a proposition by one party to another, and until it is accepted by the one to whom it is addressed, it is binding upon neither. Unilaterally employed, the word "agree" is equivalent to the word "offer," and a contract which is enforcible results only from the assent of the other party. *Railway Co. v. Dane*, 43 N. Y. 240; Pomeroy on Contracts, § 50, *et seq.*

It does not appear that the plaintiff's proposition to the defendants was ever accepted. It, therefore, never became a contract, and we do not see that anything is claimed here on account of it. But the complaint also sets forth a proposition from the defendants to the plaintiff, and it states facts which amount, in law, to an acceptance by the plaintiff of that offer. The complaint distinctly says that in consideration of the *defendants' agreement* the plaintiff forbore foreclosure for two years, and that from time to time he received from the defendants rents which had been collected by them from tenants of the premises. The forbearance was in consideration, not of the plaintiff's, but of the defendants' agreement. It was therefore upon that agreement that the minds of the parties united. In conformity with that agreement, the plaintiff forbore, and the defendants paid him the rent. By the acts of the parties, it became a valid and enforcible contract. The defendants made the offer and the plaintiff accepted it. It was not necessary for the plaintiff to agree, in words, to postpone foreclosure. His assent to the proposition was signified by his compliance with the terms of the offer. A request followed by performance con-

stitutes a contract.   *Yancey v. Brown*, 3 Sneed, 90 ; *Strong v. Sheffield*, 144 N. Y. 392 ; *Morton v. Burn*, 7 E. & A. 19 ; 2 American Leading Cases (5th ed.), 96, *et seq.*

And it is not necessary that there should be a stipulation to forbear for a specified time.   An agreement to forbear for an indefinite time, if followed by actual forbearance for a reasonable time, is a good consideration for a promise.   *Elting v. Vanderlyn*, 4 Johns. *237 ; *Thomas v. Croft*, 2 Rich. Law. 113 ; *Howe v. Taggart*, 133 Mass. 284 ; *King v. Upton*, 4 Me. 387 ; *Moore v. McKenney*, 83 Me. 80.

We do not think that the complaint is defective in its statement of a cause of action.   It sets forth an offer by the defendants to pay to the plaintiff the rents of the premises, less taxes, which they assumed, if he would forbear foreclosure of his trust deeds for an indeterminate time, so as to enable them to save their own debt; and then avers that in consideration of their promise, he did postpone foreclosure for a period of two years, which, forming our judgment from the allegations of the complaint, seems to us to be a reasonable time.   His performance of their request entitled him to a fulfillment of their promise.

The version of the transaction contained in the answer of the defendant Willis M. Marshall, is, that on the 1st day of February, 1894, the interest due upon the plaintiff's notes since October 1, 1893, being unpaid, the defendants proposed to the plaintiff that if he would postpone foreclosure proceedings upon his trust deeds for two years, they would turn over to him the rents of the premises, less the expenses of collection, less the expenses of keeping the premises in repair, and less the expenses of their maintenance ; that the plaintiff refused to postpone foreclosure for two years, or for any time, but said he was inclined to believe that if the defendants paid him the rents less the expenses of collection, repairs and maintenance, he might not foreclose; that by reason of his statement, and a hope that he held out that he would not foreclose, they paid him the amounts mentioned in the complaint, and paid out for collection, repairs and

maintenance, the further sum of $500, and that the plaintiff did not postpone foreclosure for two years. The answer agrees with the complaint in this, that the defendants did request the plaintiff to forbear foreclosure, promising to pay him the rents less deductions; but it disagrees with the complaint as to the time when the offer was made, and as to the character of the deductions. It denies that foreclosure was postponed for two years, but it does not deny that there was a postponement. The averments of the answer are not inconsistent with the existence of a cause of action in the plaintiff; although from its statements, the measure of his recovery, if he was entitled to a recovery at all, would not be the same with that which he claimed, and to find what the rights of the parties were, resort must be had to the evidence.

For the defendants, it is contended that the evidence is insufficient to support the judgment. It will, therefore, be necessary to look into it. It appears that the plaintiff, Mr. Old, lived out of Denver, and that Mr. E. H. Park had the general charge of the property for him, and collected the interest on his loans. Mr. Park was a witness for the plaintiff, and testified that in January, 1894, one of the Marshall brothers came to him, and proposed an arrangement by which Mr. Old would not foreclose upon the property for two years, so as to allow them time to make a turn, by which they might collect their own trust deed notes, offering to take charge of the property, keep it in repair, collect the rents, and pay them to Mr. Old to be applied upon his interest; that witness replied that he had no authority to speak for Mr. Old in relation to the proposition; that a short time afterwards, Mr. Old came to the city, and witness went with him to the defendants' place of business, where Mr. Old had an interview with them; that they then and there suggested that they take the property and collect the rents, and after deducting what was necessary to keep the premises in repair, and pay the taxes, turn the balance over to Mr. Old to apply upon his interest, the latter to forbear foreclosure for two years, or some such time, so that they could turn the prop-

erty in some way, and get their money out of it; and that Mr. Old agreed to the request, and said he would not foreclose if they would turn the rents over to him as they proposed. Willis H. Marshall, the appellant, was a witness for the defense. His testimony was that on the 10th day of February, 1894, he went to Mr. Park, and stated to him that the defendants had, or soon would have, possession of the property, by assignment from its owners; that they had no money to put into the property to protect their second deeds of trust, but hoped that the times would improve so that a deal of some sort could be made, whereby they could get out, or partially so; and proposed to Mr. Park that they would pay over to him the rents from the property, less five per cent commission for collecting them, and less maintenance and expenses in taking care of the property, provided he would agree to delay foreclosure. The witness further testified that Mr. Park refused to accede to the request, saying, however, that he was satisfied that if they would turn over the rents as they proposed, Mr. Old would not foreclose. The witness also stated that delay of foreclosure was not asked for any definite time, saying, "a year would have suited me, or two or three years." The evidence showed that the plaintiff foreclosed one of his trust deeds on the 27th day of January, 1896, and the other on the 2d day of March, 1896. Marshall testified that rents to the amount of $1,200 were collected, from which there was to be deducted five per cent commission for collecting them; and that the payments to the plaintiff, and the outlay for repairs, maintenance and taxes, footed up, $649. The judgment was for $446.80.

We do not see how it can be said that the evidence does not support the judgment. There was no serious disagreement beween the witnesses, but if there had been, we should accept that testimony as true, which would sustain the judgment of the court. It was proved that the defendants requested postponement of foreclosure, for an unspecified time, agreeing to collect, and account to the plaintiff for the rents, less certain deductions. It was in evidence that the plain-

tiff acceded to the request, and did delay foreclosure for nearly, if not quite, two years, a period which was reasonable, and entirely satisfactory, according to the testimony of Mr. Marshall himself. It was shown that the defendants did collect the rents, and that, after making allowance for all the deductions they claimed, and their commissions, they paid only a portion of the amount to the plaintiff. By the delay, they were enabled to receive the rents. If the plaintiff had foreclosed immediately, these would have gone to the purchaser at the sale. In most of the cases where the questions involved here have been considered, the party sought to be held, had guaranteed the debt of another in consideration of forbearance to sue, so that the enforcement of his promise would involve payment by him of his own money, but here the defendants negotiated for an advantage to themselves, which would cost them nothing. They received money which, otherwise, they would not have obtained, and were even paid for their trouble in collecting it. The money which they received was not their money. But for the forbearance, it would have belonged to another, by the terms of their own proposition, to the plaintiff; they were to collect it for him, and the portion they have withheld belongs to him. From the figures before us, it is evident that the judgment is not for too much, and, being warranted in other respects, it will be affirmed.

*Affirmed.*

BISSELL, P. J., not sitting.